**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FERNANDO REAL,<br>*Plaintiff*,<br><br>v.<br><br>CITY OF PHILADELPHIA, *et al.*,<br>*Defendants*. | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. 26-CV-0370 |

## MEMORANDUM

**Pappert, J.** **October 30, 2026**

Fernando Real filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that he was wrongfully charged and prosecuted in 2002 for shooting two individuals after the Philadelphia police detective on his case, Philip Nordo, used threats, coercion, and bribery to elicit a fake witness statement. In addition to Nordo, Real names as Defendants the City of Philadelphia, the "John Doe" Assistant District Attorney who prosecuted him, and two "John Doe" Philadelphia police detectives involved in the investigation. The City moves to dismiss the claims asserted against it, arguing that they are barred by the statute of limitations.[1] The Court denies the Motion.

---

[1] Nordo has not yet responded to the Complaint. In addition, the John Doe Defendants have not been served with the Complaint. Real was advised that he is responsible for notifying the Court of the John Doe Defendants' identities when and if he is able to obtain that information. (*See* Dkt. No. 6.)

I[2]

In 2003, Real was arrested and prosecuted for shooting Victor Alicea and Police Officer John Spence. (Compl. at 3, 4.) He spent 20 months in prison until he was acquitted by a jury. (*Id.* at 4.) Real consistently maintained his innocence. (*Id.* at 3.) Nordo was the lead detective who investigated the shooting. (*Id.* at 4.) Real alleges that on May 23, 2025, he learned that Nordo "coerced, sexually threatened and bribed Jose Vello to lie and say [Real] was the one who shot" Spence and Alicea. (*Id.* at 6.) Real attaches to his Complaint a May 14, 2025 "Declaration of Jose Vello Pursuant to 28 U.S.C. § 1746 and PA.C.S. § 4904." (*Id.* at 23.) In it, Vello states that, after his September 2003 arrest, he was interviewed by Nordo, who threatened and ordered him to lie and say Real was guilty of shooting Alicea and Spence.[3] (*Id.* at 6, 23.) Real

---

[2] Unless otherwise noted, the factual allegations are taken from the Complaint, including the exhibits attached thereto (Dkt. No. 1). The Court adopts the sequential pagination supplied by the CM/ECF docketing system. The Court will recount only those allegations that are relevant for resolving the pending Motion to Dismiss.

[3] The Declaration provides:

> I, Jose Vello, hereby state as follows:
>
> 1. On September 21, 2003, I was arrested in Philadelphia, Pennsylvania.
> 2. During my arrest I was interviewed by Philadelphia detective Philip Nordo.
> 3. Detective Philip Nordo pressured, sexually threatened, and bribed me to lie and say Fernando Real was in the car and Fernando Real shot Victor Alicea and shot at Philadelphia Police Sergeant John Spence.
> 4. Detective Philip Nordo threatened to retaliate against my loved ones if I ever told anyone of authority that he forced and bribed me to say Fernando Real's name.
> 5. I ain't scared of detective Philip Nordo no more because I know I'm near my death and I want those in authority to know the truth and I heard detective Philip Nordo is in jail so he can't retaliate against anyone I love.
> 6. Andy Torres likewise confided in me after he was stabbed that detective Philip Nordo threatened and bribed him to say Fernando Real stabbed him but he's scared to say anything because of detective Philip Nordo's threats.

asserts that absent this "fabricated" evidence of Vello implicating him, the police would not have had probable cause to obtain an arrest warrant for him. (*Id.* at 6.) Real further asserts that the other named Defendants were aware that Nordo "committed investigative misconduct" but nevertheless "condoned it" and made no efforts "to prevent it or report it." (*Id.* at 7.) The other Defendants also allegedly concealed exculpatory evidence, such as fingerprint and DNA evidence. (*Id.* at 6.) Based on these allegations, Real asserts constitutional claims under 42 U.S.C. § 1983, including a municipal liability claim against the City, as well as state law claims. (*Id.* at 12-20.) Real seeks money damages. (*Id.* at 20.)

The Court previously granted Real leave to proceed *in forma pauperis* and directed service of his Complaint on the City and Nordo. (Dkt. Nos. 6, 8.) The City filed a Motion to Dismiss, contending that Real's claims are time-barred. (Dkt. No. 14.) Real filed a Response to the Motion (Dkt. No. 17) and the City filed a Reply (Dkt. No. 19).

II

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. "A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint contains

---

I hereby certify that subject to the penalties of perjury that the facts set forth are true, and correct to the best of my personal knowledge, information and belief, pursuant to 28 U.S.C. § 1746 and 18 PA.C.S. § 4904

Jose Vello
Dated: May 14, 2025 Camden, New Jersey

(Compl. at 23.)

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555.) "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). It is the defendants' burden to show that a complaint fails to state a claim. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (explaining that on a Rule 12(b)(6) motion to dismiss, the "defendant bears the burden of showing that no claim has been presented").

III

Dismissal of a complaint based on the statute of limitations is appropriate at the pleading stage provided the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)). Section 1983 claims, such as those brought by Real, are subject to the state statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Pennsylvania, that limitations period is two years. *See* 42 Pa. Cons. Stat. § 5524. A claim accrues "when a plaintiff has a complete and present cause of action," meaning the time when he "can file suit and obtain relief."

*Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotation marks and citation omitted). The statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The City argues that Real's claims accrued when he was acquitted of the charges on August 1, 2006, which was nearly 20 years before he filed this action, and thus well outside the two-year limitations period. (Dkt. No. 14 at 6.) Real responds that, under the discovery rule, his claims did not accrue until May 23, 2025, when he first learned that his arrest and conviction were based on a fabricated statement by Jose Vello.[4] (Dkt. No. at 17 at 3.)

The discovery rule operates to toll the statute of limitations "until the injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct." *Fine v. Checcio*, 870 A.2d 850, 858-59 (Pa. 2005). The standard is objective: "the question is not what the plaintiff actually knew of the injury or its cause, but what he might have known by exercising the diligence required by law." *Nicolaou v. Martin*, 195 A.3d 880, 893 (Pa. 2018). Whether or not the discovery rule applies in a case is a question of fact that is generally left for the jury. *See id.*; *see also Kremsky v. Kremsky*, 758 F. App'x 236, 240 (3d Cir. 2018) ("In Pennsylvania, application of the discovery rule is generally an issue of fact for the

[4] Real also appears to argue that the limitations period is tolled due to Defendants concealing exculpatory evidence. Fraudulent concealment "is an equitable doctrine that is read into every federal statute of limitations." *Cetel v. Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 509 (3d Cir. 2006) (citation omitted). The Court need not consider whether fraudulent concealment applies because it concludes that the discovery rule suspended application of the limitations period.

jury."); *Gleason v. Borough of Moosic*, 15 A.3d 479, 485 (Pa. 2011) ("The point at which the complaining party should be reasonably aware that he or she has suffered an injury and its cause is ordinarily an issue of fact to be determined by the jury due to the fact intensive nature of the inquiry.").

Accepting Real's allegations as true, Real did not discover that his criminal charges for the shooting of Victor Alicea and John Spence were based on a coerced witness statement until May 23, 2025.[5] Thus, he did not discover the injury that would form the basis of his § 1983 claims until receiving Vello's Declaration. Real filed this lawsuit on January 12, 2026, well within two years of receiving Vellos' Declaration. The City contends that Real should have been aware of Nordo's conduct at the very latest in 2022 when Nordo was convicted, thus triggering inquiry notice. However, even if Real was generally aware that Nordo had committed crimes during criminal investigations, Real was allegedly not aware until May 23, 2025, that "Nordo coerced, sexually threatened, and bribed Jose Vello to lie" in order to illicit probable cause for Real's arrest. The discovery rule tolls the statute of limitations under these circumstances, rendering Real's claims timely.

IV

For the foregoing reasons, the City of Philadelphia's Motion to Dismiss will be denied. The City shall file a responsive pleading within the time allotted by the Federal Rules of Civil Procedure. An Order follows.

---

[5] Vello's declaration is dated May 14, 2025. (Comp. at 23.) Although Real does not state how he specifically came into possession of the declaration, he states that he first learned about Vello's confession on May 23, 2025. (*Id.* at 6.)

**BY THE COURT:**

***/s/ Gerald J. Pappert***

**Gerald J. Pappert, J.**